**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BRUCE SEBASTIAN,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　**Case No. 6:11-cv-1597-Orl-28KRS**

**UNIVERSAL TECHNICAL INSTITUTE, INC.,**

        **Defendant.**
_____

# ORDER

Plaintiff asserts a claim of age discrimination pursuant to both the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and the Florida Civil Rights Act ("FCRA"), sections 509.092 & 760.01-760.11, Florida Statutes.[1]  Defendant has moved to dismiss Plaintiff's Complaint,[2] asserting that Plaintiff failed to file a charge with the Equal Employment Opportunity Commission ("EEOC") within the required time period and that therefore Plaintiff's claims are barred.  As discussed below, Defendant's motion shall be granted, but Plaintiff will be granted leave to amend some of his claims.

## I. Motion to Dismiss Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement

---

[1] In his Complaint, Plaintiff also alleged a claim pursuant to 42 U.S.C. § 1981.  This claim, however, has been voluntarily dismissed by Plaintiff. (Pl.'s Resp., Doc. 16, at 1).

[2] The relevant filings include: Defendant's Motion to Dismiss (Doc. 8), Plaintiff's Response (Doc. 16), and Defendant's Reply (Doc. 26).

of the claim showing that the pleader is entitled to relief.'" Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

## **II. Background**

Plaintiff was employed by Defendant from approximately June 26, 2006 until April 6, 2009. (Compl., Doc. 1, ¶¶ 8, 15). Plaintiff asserts that during this time period, Defendant discriminated against, harassed, and constructively terminated Plaintiff based on Plaintiff's age. (Id. ¶¶ 20, 36). Plaintiff filed an Intake Questionnaire with the EEOC on March 3, 2010. (Intake Questionnaire, Ex. A to Pl.'s Resp., at 10)[3]. In addition to answering the standard questions provided in the Questionnaire, Plaintiff attached a written, detailed description of the alleged discriminatory events, including the dates that such events allegedly occurred. (Id. at 11).

---

[3] The Intake Questionnaire does not contain page numbers; therefore, all page numbers referenced in the citations to the Intake Questionnaire are to the Electronic Filing page numbers.

Subsequently, on March 12, 2010, the EEOC sent Plaintiff a letter requesting that Plaintiff review, sign, and date the attached "EEOC Form 5, Charge of Discrimination." (EEOC Letter, Ex. B to Pl.'s Resp.). The letter described the Form 5 as "a summary of [Plaintiff's] claims based on the information [Plaintiff] provided" in his written correspondence and Intake Questionnaire, (id.), and explained that in order for the EEOC to initiate an investigation into Plaintiff's claims, Plaintiff had to return a signed copy of the Form 5, (id.). The letter further stated that the Intake Questionnaire that Plaintiff submitted "constitutes a charge of employment discrimination" and therefore the EEOC had "complied with the law and notified [Plaintiff's] employer that [he] filed a charge." (Id.). Plaintiff's claim had also been assigned an EEOC Charge Number based on the Intake Questionnaire. (See id.).

Plaintiff signed the Form 5 on March 30, 2010 and returned it to the EEOC on April 1, 2010. (Ex. A to Def.'s Mot. to Dismiss, Doc. 8). The EEOC dismissed Plaintiff's charge of discrimination, stating as the reason for dismissal that the EEOC was "unable to conclude that the information obtained establishes violations of the statutes." (Ex. C to Pl.'s Resp.). In this notice, the EEOC had the option of marking that Plaintiff's charge was not timely filed; it was not marked. (Id.).

### III. Analysis

"The ADEA requires that an individual exhaust available administrative remedies by filing a charge of unlawful discrimination with the EEOC before filing a lawsuit." Bost v. Fed. Express Corp., 372 F.3d 1233, 1238 (11th Cir. 2004). "The first step down this path is filing a timely charge of discrimination with the EEOC." Wilkerson v. Grinnell Corp., 270 F.3d

1314, 1317 (11th Cir. 2001).[4]  The FCRA also requires that an individual exhaust all administrative remedies by filing a charge with either the Florida Commission on Human Relations or the EEOC.  § 760.11(1), Fla. Stat.  "For a charge to be timely [pursuant to the ADEA] in Florida, a deferral state, it must be filed not more than 300 days after the alleged unlawful employment practice occurred."  Bost, 372 F.3d at 1238.  For a charge to be timely under the FCRA, it must be filed within 365 days after the alleged unlawful employment practice occurred. § 760.11, Fla. Stat.

Defendant first asserts that the Form 5 is the only document filed by Plaintiff that satisfies the requirement that Plaintiff file a charge of discrimination and that the Form 5 was filed more than 365 days after Plaintiff left the employ of Defendant.  Defendant, therefore, argues that Plaintiff's claims are untimely and should be dismissed.  Plaintiff, on the other hand, argues that the Intake Questionnaire he submitted on March 3, 2010 satisfies the requirement that he file a charge with the EEOC.

A charge of age discrimination must: (1)"be in writing"; (2) "name the prospective respondent"; and (3) "generally allege the discriminatory act(s)."  29 C.F.R. § 1626.6.  While these are the only required elements of a charge under the ADEA, such a charge "should" also contain "certain other information, including the full name, address, and telephone

---

[4] Although Wilkerson addresses a charge of discrimination pursuant to Title VII, "[s]ince the charge requirements are similar under both [the ADEA and Title VII], [courts should] generally look to both types of cases to resolve charge issues." Wilkerson, 270 F.3d at 1321 n.3. Additionally,"[the FCRA] was patterned after Title VII . . . as well as the [ADEA]" therefore "[f]ederal case law interpreting Title VII and the ADEA is applicable to cases arising under [the FCRA]." Fla. State Univ. v. Sondel, 685 So. 2d 923, 925 n.1 (Fla. 1996); see also Maniccia v. Brown, 171 F.3d 1364, 1368 n.2 (11th Cir. 1999).

number of the charging party, full name and address of the employer, a clear and concise statement of the alleged unlawful discrimination including pertinent dates, and the approximate number of employees." Bost, 372 F.3d at 1238 (citing 29 C.F.R. § 1626.8(a)). Generally, an intake questionnaire is not intended to function as a charge. Pijnenburg v. W. Ga. Health Sys., Inc., 255 F.3d 1304, 1305 (11th Cir. 2001). If, however, the intake questionnaire "includes the basic information suggested by [29 C.F.R. § 1626.6]" and "the circumstances of the case would convince a reasonable person that the charging party manifested her intent to activate the administrative process by filing the intake questionnaire" then it may constitute a charge for ADEA purposes. Wilkerson, 270 F.3d at 1321.

Plaintiff's Intake Questionnaire fulfills all of the minimum requirements of a charge–it is in writing, it names Defendant as the prospective respondent, and it sets forth the alleged discriminatory acts. (Intake Questionnaire, Ex. A to Pl.'s Resp.). In addition to the minimal requirements, the Intake Questionnaire also fulfills all of the recommended requirements provided in 29 U.S.C. § 1626.8(a). (Id.). Moreover, the circumstances of this case would convince a reasonable person that Plaintiff manifested his intent to activate the administrative process by filing his Intake Questionnaire. Not only did Plaintiff provide a detailed account of the alleged discrimination–beyond what was required by the Questionnaire–but also the Questionnaire itself indicated that it "may serve as a charge if it meets the elements of a charge." (Id. at 10); see also Wilkerson, 270 F.3d at 1320 (considering the fact that the "questionnaire form itself indicated that it could be a charge" as a factor in favor of finding that the questionnaire constituted a charge). Additionally, the EEOC treated Plaintiff's Intake Questionnaire as a charge, told Plaintiff that the Intake

Questionnaire constituted a charge of discrimination, and told Plaintiff that "[f]or purposes of meeting the deadline for filing a charge, the date of [his] original signed document"–the Intake Questionnaire–"will be retained as the original filling date."  (EEOC Letter, Ex. B to Pl.'s Resp.); see also Wilkerson, 270 F.3d at 1321 (noting that both "the EEOC's treatment of the questionnaire" and the EEOC's communications with the plaintiff were relevant in determining that Plaintiff's intake questionnaire constituted a charge).  It is also relevant to note that in response to Plaintiff's Intake Questionnaire, the EEOC notified Plaintiff's employer of the charge.  (EEOC Letter, Ex. B to Pl.'s Resp.); see also Pijnenburg, 255 F.3d at 1306 (noting that one of the purposes of a charge is to "notif[y] the employer that a discrimination charge has been lodged with the EEOC").

Accordingly, Plaintiff's Intake Questionnaire constitutes a charge, and therefore the appropriate date of filing to determine timeliness is March 3, 2010.  This does not, however, end the inquiry.  Defendant asserts that even if March 3, 2010 is the relevant date, some of Plaintiff's claims are still untimely and those that are not fail to state a claim.

Plaintiff alleges three claims of discrimination against Defendant: a failure-to-promote claim, a hostile work environment and harassment claim, and a constructive termination claim.[5]  Plaintiff's failure-to-promote claim stems from being denied promotions in 2008–the latest date alleged is September 2008.  (Compl. ¶¶ 12-13).  Even using the earlier filing date of March 3, 2010, the events described in Plaintiff's failure-to-promote allegations occurred

---

[5] Plaintiff argues that he has also alleged a failure to rehire claim, referencing the allegations contained in the Intake Questionnaire. (Pl.'s Resp. at 4). As Defendant notes, however, no such allegations are contained in the Complaint and therefore are not properly before the Court.

well beyond the required 300- and 365-day time limits set forth in the ADEA and the FCRA. Therefore, Plaintiff's failure-to-promote claims shall be dismissed as untimely.

The time period of Plaintiff's hostile work environment and harassment claim is unclear. In his Complaint, Plaintiff states that he was "subjected to derogatory and harassing comments about his age . . . and subjected to a hostile work environment during his time with Defendant," (id. ¶10), but the only specific allegation of derogatory comments allegedly occurred in "late 2009," (id. ¶ 11). This appears to be a scrivener's error, however, because Plaintiff also states that he gave his two week notice of resignation on March 23, 2009. (Id. ¶ 15). Thus, Plaintiff would have no longer been employed by Defendant when the alleged harassment occurred. Accordingly, Plaintiff may amend his Complaint if he can allege a claim of hostile work environment and harassment that occurred during the relevant time periods–300 and 365 days prior to March 3, 2010.

Finally, Defendant argues that Plaintiff's allegations of constructive discharge fail to state a claim. "A plaintiff alleging constructive discharge must establish that the terms and conditions of employment were so onerous that a reasonable person would feel compelled to resign." Stamey v. S. Bell Tel. & Tel. Co., 859 F.2d 855, 860 n.12 (11th Cir. 1988). Because Plaintiff has not sufficiently stated the time frame of the alleged hostile work environment and harassment, it is impossible to tell whether those allegations should be considered in conjunction with Plaintiff's constructive discharge allegation. If the harassment ceased long before Plaintiff resigned, then his constructive discharge claim fails because his allegation that he was forced to work the night shift, without more, is insufficient to state a claim for constructive discharge. See Johnson v. Wal-Mart Stores, Inc., 987 F. Supp. 1376,

1393 (M.D. Ala. 1997) (holding that where alleged harassment ceased over two months prior to the plaintiff's resignation, the fact that she was asked to work nights was insufficient to state a claim for constructive discharge).  Therefore, Plaintiff will be granted leave to amend his constructive discharge claim if he can do so in conformity with this Order.

### IV. Conclusion

In accordance with the foregoing, Defendant's Motion to Dismiss (Doc. 8) is **GRANTED**.  Count II of Plaintiff's Complaint and Plaintiff's failure-to-promote claims contained in Counts I and III are is **DISMISSED with prejudice**.  Counts I and III are otherwise **DISMISSED without prejudice**.  If Plaintiff can cure the pleading defects addressed herein, he may file an Amended Complaint **on or before Wednesday, May 9, 2012**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 26th day of April, 2012.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party